IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL L. DICKERSON, # K-99284, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-1018-SMY |
| | ) |
| WARDEN OF PINCKNEYVILLE, | ) |
| ZACHARY ROECKEMAN, | ) |
| KAY LOWERY, and C/O MILLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

  Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff now sues the Warden of Pinckneyville; Zachary Roeckeman (warden at Big Muddy Correctional Center); Kay Lowery (mental health staff member); and C/O Miller (mental health staff member) in their individual and official capacities. Plaintiff raises a number of claims, but the gravamen of Plaintiff's complaint is that Defendants have denied him access to mental health services. (Doc. 1). Plaintiff seeks monetary damages and immediate declaratory and injunctive relief. *Id*. at 7. Subsequent to filing the complaint, Plaintiff filed a motion for preliminary injunction. (Doc. 4). Both the complaint (Doc. 1) and the motion for preliminary injunction (Doc. 4) are now before the Court.

  Under 28 U.S.C. § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Plaintiff's request for preliminary injunctive relief will be considered in conjunction with the requisite preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

This complaint follows another complaint filed by Plaintiff on June 6, 2014.  *See Dickerson v. Schuler*, 14-cv-00742-NJR (Doc. 1).  In that complaint, Plaintiff alleged that the defendants (mostly different than the present defendants) wrongfully punished him for writing a

threatening letter after his request to be moved away from a dangerous cellmate was denied. On July 21, 2014, that complaint was dismissed for failure to state a claim. *See Dickerson v. Schuler*, 14-cv-00742-NJR (Doc. 12).

The present complaint, while related to the previous complaint, raises separate claims. The Court finds the following facts most salient to its review: Plaintiff is severely mentally ill and has received mental health treatment for several years. (Doc. 1, p. 8). Plaintiff reports that he suffers from auditory and visual hallucinations and that he has been diagnosed with schizophrenia and bipolar mania. *Id*. Plaintiff asserts that prior to July 2013 he had been on Seroquel for the past seven years and that it is the "only medication that has been proven effective to treat my disorder." *Id*. at 5. On July 30, 2013, Dr. Philip Pan, a psychiatrist employed by Wexford Health Services, evaluated Plaintiff and noted that given Plaintiff's "complicated prior course of tx re antipsychotics," he would make a "non-formulary request for Seroquel." *Id*. He further noted, "If this can't be accomplished, anticipate pt will likely need a transfer to Dixon STU to be switched over to different medication." *Id*. According to the complaint, Dr. Pan's request that Plaintiff be prescribed Seroquel was denied and Plaintiff was never transferred to Dixon. *Id*. Instead, Plaintiff was prescribed a different course of medications and seen by a mental health professional periodically. *Id*. at 13.

At an evaluation on February 25, 2014, Dr. Lifchitz, another psychiatrist, reported that Plaintiff was exhibiting signs of paranoia and delusional thinking. *Id*. Shortly thereafter, on April 9, 2014, Plaintiff wrote a letter that resulted in disciplinary charges and his placement in segregation. *Id*. at 12. In a letter to Clinical Services, Plaintiff wrote, "I will raise money once released to form an Army of suicidal soldiers to do bombings, shoot-outs or anything possible to kill as many U.S. citizens as possible and bring down this government of unjustice." *Id*.

Plaintiff admitted that he wrote the letter, but in his defense asserted that the only reason he wrote the letter was to get attention so that he could talk to the warden, because his requests for protection from another inmate had thus far elicited no response. Plaintiff was found guilty and he was punished with six months in segregation, the loss of one month of good conduct credit, and a disciplinary transfer. *Id*. His punishment also included a demotion to C-Grade and restriction from commissary, gym, and yard, all for six months. These disciplinary actions formed the basis of Plaintiff's prior complaint. *See Dickerson v. Schuler*, 14-cv-00742-NJR (dismissed July 21, 2014).

Subsequently, Plaintiff was transferred to Pinckneyville and placed in segregation. Since being transferred, Plaintiff has authored a number of additional threatening letters. In early August, Plaintiff wrote a letter to the counseling staff that stated, "I try to be nice, peaceful and respectful to all but under all that I am and can be very murder of house n****** and stupid crackers. I wish well on all and I would hate to successfully complete my MSR in IDOC or on the streets in rehabilitation center and then go and kill IDOC Director because of PNK CC staff conduct." (Doc. 1, p. 15). On August 16, 2014, Plaintiff authored a letter stating, "If I test positive for HIV I swear in the name of God Almighty I will find the nurse and get revenge. If I can't find the nurse I swear by the one who has my soul in his hand, S.A. Godinez will suffer the consequences." *Id*. at 11. On September 5, 2014, he sent a letter to the Speaker of the Illinois House of Representatives stating, "I stay in Springfield, IL and I Strongly believe that I will leave this torcher chamber and go back to Springfield and kill several state workers and then blow my brains out." *Id*. at 10. Each of these letters has resulted in a disciplinary report, hearing, and further punishment.

At the heart of his complaint, Plaintiff asserts that he has been denied mental health

treatment since his transfer into segregation at Pinckneyville. *Id*. at 5.  In addition, Plaintiff mentions several other potential claims for relief in his complaint.  For example, he states that he has been without eyeglasses since early August 2014; that he has been denied adequate mental health services because of his race; that he has been denied adequate mental health services because of his disability; that he has been tortured by prison officials; and that he has been denied access to the law library.  However, as currently drafted, the claims are vague and insufficient to support a viable claim against any of the named Defendants.

Plaintiff is currently serving a three-year sentence for aggravated battery. (Doc. 1, p. 17). Presently, Plaintiff is scheduled to be released from the Illinois Department of Corrections' custody on November 15, 2014 and will serve one year on mandatory supervised release ("MSR").

## Discussion

**Count 1: Eighth Amendment Claim**

To establish an Eighth Amendment medical needs claim, Plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs.  *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  The complaint satisfies the objective prong of this test.  The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The complaint alleges that Plaintiff is severely mentally ill. (Doc. 1, p. 5).  In fact, Plaintiff's diagnosis is well-documented by IDOC's own staff.  Nevertheless, Plaintiff asserts that he is being denied mental health treatment at Pinckneyville.  These allegations meet the threshold

requirement for a "serious" medical need.  Plaintiff alleges that each Defendant was aware of Plaintiff's severe mental illness, but nonetheless recommended actions that they knew would exacerbate Plaintiff's mental health issues.  Although the factual allegations supporting the claims against each of the Defendants are sparse, at this juncture, out of an abundance of caution, the Court will allow Plaintiff to proceed on this claim against each of the Defendants in his or her individual capacity.

Plaintiff also seeks injunctive relief.  Plaintiff requests an order directing IDOC officials to provide Plaintiff with mental health treatment.  Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated.  Accordingly, Plaintiff may proceed on his claim for injunctive relief, but only against the Warden of Pinckneyville, in his official capacity.

### Request for Preliminary Injunctive Relief

Plaintiff's complaint contains a request for preliminary injunctive relief (Doc. 1) and he has also filed a motion for preliminary injunction (Doc. 4).  Plaintiff's motion for preliminary injunction reiterates many of the issues raised in his complaint, but also alleges that he is "being slowly starved to death for no other reason than writing letters that's laced with clear manifestations of schizophrenic, bipolar, polar manic, and delusional thinking." (Doc. 4, p. 2).  In support of this allegation, Plaintiff asserts that his weight has dropped significantly since his transfer to Pinckneyville: from 200 lbs. upon entry to Pinckneyville on May 7, 2014 to 145 lbs. on September 26, 2014. (Doc. 4, p. 4).  At this time, rather than construe this assertion as a new,

additional claim, the Court will consider it as related to Plaintiff's Eighth Amendment medical needs claim.

In the complaint, Plaintiff seeks immediate relief in the form of a transfer to an outside mental health facility for rehabilitation for the duration of his time on mandatory supervised release. (Doc. 1, p. 7). In his motion for preliminary injunction, Plaintiff requests a transfer to Dixon Special Treatment Unit, where he seeks "mental health and nutritional therapeutic treatments." (Doc. 4, p. 1). Given the nature of this case, the Court interprets Plaintiff's request more broadly as a request for adequate mental health services while incarcerated and, thereafter, while on parole.

In order to obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, a plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999).

The Court's preliminary review dictates that Plaintiff's request for preliminary injunctive relief deserves prompt consideration. Plaintiff alleges that Defendants have denied him his constitutional right to mental health treatment. Upon the Court's threshold review, the Court finds that Plaintiff has articulated an actionable claim. Taking Plaintiff's statements at face value, Plaintiff appears to be a danger to both himself and the public at large. Moreover, given Plaintiff's imminent release date, the Court finds that Plaintiff's claim regarding the denial of mental health services deserves immediate attention. Therefore, pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for a preliminary injunction (Doc. 4) is hereby **REFERRED** to United States Magistrate Judge Frazier, who shall resolve the request for injunctive relief as soon as practicable.  Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to United States Magistrate Judge Frazier.

### Additional Pending Motion

Plaintiff's motion for service of process at government expense (Doc. 6) is unnecessary and, therefore, **DENIED** as **MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his claim for damages against Defendants **WARDEN OF PINCKNEYVILLE, ROECKEMAN, LOWERY,** and **MILLER** on **COUNT 1**.  **WARDEN OF PINCKNEYVILLE** will also remain as a defendant in his official capacity for purposes of Plaintiff's request for injunctive relief.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **WARDEN OF PINCKNEYVILLE, ROECKEMAN, LOWERY,** and **MILLER**.  The Clerk shall issue the completed summons, and prepare a service packet for Defendants consisting of: the completed summons, the completed form USM-285, a copy of the complaint, and this Memorandum and Order.  The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon each Defendant, the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), a copy of the

motion for preliminary injunction (Doc. 4), and this Memorandum and Order. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service. The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on each Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings, including a decision on Plaintiff's motion for preliminary injunction (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **FURTHER ADVISED** that at the time application was made under 28 U.S.C.

§ 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 3, 2014**

s/ STACI M. YANDLE  
United States District Judge