## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SAMUEL L. DICKERSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:14-01018-SMY-PMF** |
| | ) | |
| ZACHARY ROECKEMAN, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff's motions for a preliminary injunction (Doc. No. 3, 4). Plaintiff Samuel Dickerson filed this litigation under 42 U.S.C. § 1983, claiming that the conditions of his confinement at Pinckneyville Correctional Center violate the Eighth Amendment's proscription against cruel and unusual punishment.  In his motions, Dickerson claims he is being deprived of treatment for symptoms of severe mental illness.  He anticipates that he will present a risk of harm to himself or to others if steps are not taken immediately to provide treatment and restore stability to his mental functioning prior to December 15, 2014, the date he expects to be released from prison.  He seeks an order directing the defendants to arrange a transfer to Dixon Correctional Center.  The motions are supported by briefs and declarations (Doc. Nos. 16, 24, 26, 27, 30, 31, 36).  An evidentiary hearing was held on November 13, 2014.

In order to establish that he is entitled to a preliminary injunction, plaintiff must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011).  The Court must also consider the public interest, weighing factors in a sliding scale approach.  *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).  Injunctive relief must be narrowly drawn, extend no further

than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The materials demonstrate that plaintiff is likely to succeed on the objective element of his Eighth Amendment claim. Dickerson can show that he suffers from an objectively serious medical condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Dickerson has a history of schizoaffective disorder and bipolar disorder, with symptoms of mania, delusional thinking, and hallucinations. His treatment is complicated because he has experienced adverse reactions to anti-psychotic medications. Dickerson hears voices commanding him to kill prison officials who are not providing him with the diet he feels he should be receiving. He has been hospitalized in the past for severe episodes of psychotic symptoms. In April, 2014, he sent a threatening letter to the internal affairs department at a different prison facility.

The materials on file do not suggest that Dickerson can succeed on the subjective element of his Eighth Amendment claim. Plaintiff's current mental health status has been evaluated and he is currently receiving treatment in the form of medications. While plaintiff believes he will harm himself or others if he does not receive different (antipsychotic) medications or a higher level of attention and care at a different prison facility, there is no competent evidence that a particular type of treatment response is required to manage the particular symptoms he is experiencing. Dickerson has been prescribed three medications: Trazodone, Tegretol, and BuSpar. He has recently seen members of the medical staff, including Dr. Gillespie, Dr. Liftshitz, Tamika McNeil, and Sandra Bellagante.

2

Dickerson refuses to take Tegretol because it has been classified as an anti-epileptic drug. He reasons that Tegretol will not help him because he does not experience convulsions and does not suffer from epilepsy.  However, Tegretol (carbamazepine) is also a mood stabilizer and has been FDA-approved to treat manic conditions in adults, such as bipolar disorder. http://whatmeds.stanford.edu/medications/tegretol.html (visited 11/25/2014 and attached to this Report).  So while Dickerson can show that he disagrees with the treatment plan of the medical staff, he cannot meet the Eighth Amendment standard by showing that the medical staff is responding to his particular ailments in a way that amounts to deliberate indifference.  *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012)(disagreement with medication regimen did not show a substantial departure from accepted professional  judgment).

The Court is not persuaded that plaintiff will suffer irreparable harm if injunctive relief is not granted.  There is no persuasive evidence that Dickerson's treatment plan would change for the better (and thus leading to improvement in his mental health) if a transfer to the Dixon facility were arranged.   At this point, the prospect of irreparable harm remains speculative. Plaintiff may be receiving the best possible care where he is now.  At his current facility, those who are responsible for his care have evaluated him, understand his medical history, are familiar with his particular needs and reactions to medications, and have devised a reasonable treatment plan that could possibly alleviate some of Dickerson's most severe symptoms if he elects to comply with treatment efforts.

IT IS RECOMMENDED that the motions for a preliminary injunction (Doc. Nos. 3, 4) be DENIED.

**SUBMITTED:** _  November 25, 2014  ._

_  s/Philip M. Frazier_
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**