IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL L. DICKERSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-1018-SMY-PMF |
| ) | |
| ZACHARY ROECKEMAN, et al., ) | |
| ) | |
|     Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This matter comes before the Court on Plaintiff Samuel Dickerson's Motion for Preliminary Injunction (Doc. 3), which was filed as part of Plaintiff's original Complaint (Doc. 1, p. 7). Plaintiff filed multiple supporting documents, and an evidentiary hearing was held on November 13, 2014. Subsequently, Magistrate Judge Philip Frazier filed a Report and Recommendation (Doc.51). Plaintiff objected (Doc. 53), and Defendants responded to Plaintiff's objection (Doc. 60).

In his Complaint, motions and various memorandums to the Court, Plaintiff has alleged the following: He experienced religious discrimination when he was denied a Kosher diet to conform to his Muslim faith and was instead ordered a vegan diet tray which conforms to a Hindu diet. Plaintiff states that a diet of only vegetables is prohibited by Islam. Further, in regards to food, Plaintiff alleges that he is getting only two trays per day (and needs three) and has been forced to sell food items to pay for envelopes and other essential items to pursue his claims in this Court.

Plaintiff alleges that as a result of the religious discrimination and lack of proper diet, his bi-polar disorder and schizophrenia have worsened. While Plaintiff has received

some mental health treatment, he believes the medications that have been prescribed are not well-suited to his particular disorders.  Plaintiff admits he is refusing prescribed medications (for example, Tegretol, which is classified as an anti-epileptic drug but is also approved to treat bipolar disorder) and has requested other anti-psychotic drugs instead.  Plaintiff asserts Eighth Amendment claims based on deliberate indifference in the failure to properly address his mental health needs.

Plaintiff originally requested an injunction in the form of a transfer from Pinckneyville Correctional Center to Dixon Correctional Center based on the belief that he would receive better care and would suffer irreparable harm if forced to remain at Pinckneyville.  However, because his release date was near, he subsequently requested that he (1) be immediately placed on either Zyprexa Zydis or Seroquel (antipsychotic medications) and (2) be transferred to a state mental health facility upon his release.  (See Plaintiff's Objection to Report and Recommendations at Doc. 53.)  Plaintiff also believes he suffered prejudice from the absence of his appointed counsel at the evidentiary hearing in November.  Because subsequent motions have been filed (that are not considered in the Magistrate Judge's Report and Recommendation), only the original injunction request is considered here.

Defendants Roeckeman and Spiller responded (Doc. 60) to Plaintiff's Objection and stated Plaintiff's Objection failed to point to any affirmative proof countering the Magistrate Judge's findings, but at any rate, injunctive relief would be rendered moot upon release from IDOC custody (which was anticipated the same day Defendants filed their Response—December 15, 2014).

The Court adopts the Report and Recommendation of the Magistrate Judge for the following reasons. First, the materials on file fail to suggest that Plaintiff's Eighth Amendment claim for deliberate indifference can succeed on the subjective element requirements. In particular, Plaintiff received treatment but refused to take the prescribed medication. A disagreement with prescribed medication does not show substantial departure from accepted professional judgment. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012). Second, there is no persuasive evidence that a transfer to Dixon Correctional Center would make a difference in Plaintiff's mental health care. As the Magistrate Judge determined, the prospect of irreparable harm resulting from his continued detention at Pinckneyville is speculative. Health care staff at his current facility is familiar with Plaintiff's medical history and have devised a treatment plan that could be effective if Plaintiff elects to comply with prescribed treatment efforts.

Plaintiff's Motion for Preliminary Injunction at Docs. 3 and 4 is DENIED. Plaintiff's subsequent motions remain pending.

**IT IS SO ORDERED.**

**DATED:  January 15, 2015**

 s/  Staci M. Yandle
 **STACI M. YANDLE**
 **DISTRICT JUDGE**