IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL L. DICKERSON,     ) | |
|     Plaintiff,     ) | |
|     ) | |
| v.     ) | Case No. 3:14-01018-SMY-PMF |
|     ) | |
| ZACHARY ROECKEMAN, et al.,     ) | |
|     ) | |
|     Defendants.     ) | |

## MEMORANDUM AND ORDER

Before the Court are two motions filed by plaintiff Samuel Dickerson, construed as motions seeking injunctive relief (Doc. No. 83, Doc. No. 87). Dickerson filed this litigation under 42 U.S.C. § 1983, challenging the conditions of his former confinement at Pinckneyville Correctional Center. In particular, Dickerson claims that he was not receiving treatment for symptoms of mental disorders at Pinckneyville. His first request for preliminary injunctive relief was denied after it was determined that Dickerson was receiving treatment and disagreed with some treatment decisions (Doc. No. 73). In these new motions, Dickerson focuses on the recent decision to transfer him from Pinckneyville Correctional Center to Lawrence Correctional Center. Dickerson believes the transfer was motivated by malice, a desire to retaliate, or a conspiracy to inflict punishment. He seeks an order directing the Illinois Department of Corrections to arrange for a transfer to a federal medical center.

In order to establish that he is entitled to injunctive relief, a plaintiff must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than

necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Plaintiff asserts that he was transferred for "acting as a jail house lawyer" for fellow inmates and claims that Lawrence Correctional Center is not designed to treat an inmate with his needs.  While he had originally requested to be moved from Pinckneyville to Dixon for better mental health treatment, he claims his February 25, 2015 transfer to Lawrence was "a concerted act done to punish [him] with a more restrictive environment which is designed to cause [him] to be untreated for scizaffective [sic] disorder, bipolar disorder and ADHD."  Because he is scheduled for release soon, Plaintiff argues he needs a facility that will have better programs to restore him to useful citizenship.

The Court has considered Plaintiff's requests in light of these legal standards for injunctive relief and is not persuaded that Plaintiff will suffer irreparable harm if injunctive relief is not granted.  There is no evidence that Plaintiff is no longer receiving his prescribed treatment. The prospect of irreparable harm remains speculative.  The motions (Doc. 83 and Doc. 87) are therefore **DENIED** without prejudice to Dickerson's right to file separate litigation against the appropriate persons after he exhausts available administrative remedies.

**IT IS SO ORDERED:**
**DATE:  April 16, 2015**                                        /s/  Staci M. Yandle
                                                                                **STACI M. YANDLE**
                                                                                **DISTRICT JUDGE**